RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/7/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RICHARD D. BACA,                     CIVIL ACTION
        Petitioner                   SECTION "P"
                                     NO. 1:12-CV-03084
VERSUS

UNITED STATES OF AMERICA,            JUDGE DEE D. DRELL
        Respondent                   MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on December 11, 2012, by Richard D. Baca ("Baca"). Baca is contesting the 180 month sentence imposed pursuant to the Armed Career Criminal Act ("ACCA") following his conviction (pursuant to a guilty plea) in May 2007 in the U.S. District Court for the District of New Mexico, as a felon in possession of a firearm.

Baca previously filed a motion for reduction of sentence which was denied in 2009, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which was denied by the New Mexico court in 2009, a motion to alter, amend or reconsider judgment pursuant to Fed.R.Crim.P. rule 59(e) which was denied in 2009, and a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, which was denied by the New Mexico court in February 2011.

Baca, who is presently confined in the Federal Correctional Institution in Pollock, Louisiana, filed this current Section 2241 petition on December 11, 2011 in the Western District of Louisiana, as captioned above.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the New Mexico district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also

2

> appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a

3

crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

Baca argues that his armed career criminal sentence enhancement was erroneously based in part on a prior, final felony DUI conviction, in contravention of the Supreme Court's holding in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 2586-2587 (2008)(the New Mexico DUI statute does not constitute a "crime of violence" within the meaning of the Armed Career Criminal Act). However, Baca misstates the facts of his case. In his plea agreement, Baca admitted that he had three prior, final felony convictions: two counts of burglary of a habitation in Texas, and one count of aggravated battery of a peace officer and aggravated assault (deadly weapon) in New Mexico. U.S. v. Baca, 1:06-cr-000760, Doc. 35 (D.N.Mex.). As the New Mexico district judge stated in his reasons for denying Baca's motion for reduction of sentence, Baca's sentence enhancement as an armed career criminal was not based on a prior felony DUI. U.S. v. Baca, 1:06-cr-000760, Doc. 4835 (D.N.Mex.). Therefore, Baca's argument in this habeas petition is meritless because it is based on an incorrect factual allegation.

Accordingly, Baca has not shown that he meets the savings clause and has not cited any retroactively applicable Supreme Court decision which establishes that he may have been convicted of a

4

nonexistent offense and is "actually innocent." Since Baca has not meet the savings clause requirements, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255.

Therefore, Baca's habeas petition attacking his sentence as an armed career criminal must be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Baca's Section 2241 petition attacking his federal sentence as an armed career criminal be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen **business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen **days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of February 2013.

```
                    _____
                         JAMES D. KIRK
                    UNITED STATES MAGISTRATE JUDGE
```

6